

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 728 | **DATE** | 7/19/2002 |
| **CASE TITLE** | TENNECO AUTOMOTIVE, etc. vs. HYRAD CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's request for a preliminary injunction is denied. Plaintiff's complaint is dismissed without prejudice, with leave to reinstate after the arbitrator has issued his/her award.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 2 3 2002 | |
| | Notified counsel by telephone. | date docketed | 20 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TENNECO AUTOMOTIVE OPERATING COMPANY INCORPORATED f/k/a MONROE AUTO EQUIPMENT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HYRAD CORPORATION,<br><br>Defendant. | **DOCKETED**<br>JUL 2 3 2002<br><br>02 C 0728<br>Judge Ronald A. Guzman |

## MEMORANDUM OPINION AND ORDER

Tenneco Automotive Operating Company Inc. ("Tenneco") has brought this action seeking a preliminary injunction to preserve the contractual status quo in its relationship with Hyrad Corporation ("Hyrad") while the parties arbitrate their dispute. Hyrad has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the action. Because the parties are now in arbitration, Tenneco's complaint for injunctive relief is dismissed without prejudice, with leave to reinstate after the arbitrator issues his/her final award.

### Factual Background

On May 16, 1991, Monroe Auto Equipment, now Tenneco, entered into a Licensing Agreement with Hyrad. (Pl.'s Mem. in Opp'n Mot. Dismiss at 2.) The agreement granted Tenneco the exclusive license to use Hyrad's technology and patents owned to manufacture and sell adjustable shock absorbers for certain types of vehicles. (*Id.*) The agreement contains an

1

arbitration provision. (*Id.* at 3.)

Over the years, contractual disputes arose between the parties. (*Id.* at 3.) These contractual disputes prompted Hyrad to file a declaratory judgment action on July 5, 2000 in the United States District Court for the Western District of Wisconsin ("the Wisconsin Court"). (Def.'s Mem. in Supp. Mot. Dismiss at 2.) Hyrad asked the Wisconsin Court to find that Tenneco had breached the Licensing Agreement. (*Id.*) On October, 30, 2000, the Wisconsin Court ordered the parties to arbitrate their dispute, and dismissed Hyrad's action. (Pl.'s Mem. in Opp'n Mot. Dismiss at 4.)

On January 29, 2002, Tenneco filed this action for preliminary injunction. At the time Tenneco filed its complaint, no arbitration proceedings had begun. (Def.'s Mem. in Supp. Mot. Dismiss at 4.) On February 11, 2002, Hyrad filed a motion to reopen the judgment in the Wisconsin court pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). (Def.'s Ex. A at 7, Attached to Def.'s Reply to Pl.'s Mem. in Opp'n Mot. Dismiss.) Hyrad's Rule 60(b) motion was denied. (*Id.* at 11.) Tenneco then filed a demand for arbitration against Hyrad with the American Arbitration Association (AAA). (Def.'s Reply to Pl.'s Mem. in Opp'n Mot. Dismiss at 2.)

### Jurisdiction

Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties. (Compl. ¶ 2.) Tenneco is a corporation organized under the laws of the State of Delaware, with its principal place of business in Lake Forest, Illinois. (*Id.* at ¶ 4.) Hyrad is a corporation organized under the laws of the State of Arizona, with its principal place of business in Wisconsin Dells, Wisconsin. (*Id.* at ¶ 5.)

## Discussion

Because the parties are now before the arbitrator, we find that the arguments raised in Hyrad's motion to dismiss are moot. In determining whether to a grant a preliminary injunction, four factors must be established. *Ty, Inc. v. The Jones Group*, 237 F.3d 891, 895 (7th Cir. 2001); *see also Meridian Mutual Ins. Co. v. Meridan Ins. Group*, 128 F.3d 1111, 1114 (7th Cir. 1997). First, the moving party must establish two factors: 1) that the case has a likelihood of success on the merits; and 2) that the party will suffer irreparable harm if the injunction is not granted, that no adequate remedy at law exists. *Id.* Third, if the party establishes these first two criteria, the court must conduct a balancing test. *Id.* The court must balance the harm that the non-moving party will suffer if the injunction is granted against the harm the moving party will suffer if the injunction is denied. *Id.* Finally, the court must balance the effect of the injunction on non-parties, the public interest factor. *Id.* These factors exist on a sliding scale, the more likely the moving party's likelihood of success, "the less the balance of irreparable harms need favor the plaintiff's position." *Id.*

Because of the unique facts of this case, we address the alleged irreparable harm element being suffered by Tenneco. Because of it's repeated, inconsistent representations to different district courts, and because of its unreasonable delay in seeking injunctive relief, Tenneco fails to set forth sufficient facts to support its alleged irreparable harm requirement.

Tenneco has stated to this court that it had "never represented to the Wisconsin Court that it had already filed for arbitration" and that "Tenneco did not represent that it had filed a formal demand with AAA, nor did the Wisconsin Court's Order assume a demand had been filed." (Pl.'s Mem. in Opp'n Mot. Dismiss at 7.) On October 30, 2000, the Wisconsin Court dismissed

3

Hyrad's declaratory judgment action. (Def.'s Ex. A at 11, Attached to Def.'s Reply to Pl.'s Mem. in Opp'n Mot. Dismiss.) Judge Crab, in her opinion dismissing Hyrad's Rule 60(b) motion stated that she dismissed Hyrad's original declaratory judgment action *"on the mistaken belief that defendants'* [Tenneco] *actually had filed* a formal demand for arbitration," and that "Defendants' current protestations to the contrary are cynical and disingenuous." (*Id.* (emphasis added.) Judge Crab went on to add that

> Defendants [Tenneco] never had any intention of seeking arbitration
> and they deduced early on that plaintiff was equally averse to arbitration.
> It is now quite clear that defendants have engaged in a game of intentional
> delay and avoidance, hoping to keep their business relationship with plaintiff
> in limbo as long as possible. (*Id.*) . . .[D]efendants had no intention of actually
> invoking the arbitration clause.

(*Id.* at 12.)

Tenneco waited fifteen months after the Wisconsin court's dismissal of Hyrad's action before filing this action on January 29, 2002. If Tenneco had an immediate concern for the irreparable harm it would suffer, it would not have waited a year and a half to ask for relief. Similarly, Tenneco represented to this court that the day it filed this action for a preliminary injunction, it also filed a Demand for Arbitration with the AAA. (Pl.'s Mem. in Opp'n to Mot. Dismiss at 4.) However, the Demand for Arbitration was not actually filed until February 11, 2002. (Def.'s Ex. A at 12, Attached to Def.'s Reply to Pl.'s Mem. in Opp'n Mot. Dismiss.) Judge Crab noted that "what finally forced defendants' [Tenneco's] hand was plaintiff's motion to this court for relief from judgment: *on the same day that they filed their response*, defendants filed a formal demand for arbitration, apparently to hedge their bets. (*Id.* (emphasis added).)

The case of *Sauer-Getriebe KG v. White Hydraulics, Inc.*, 715 F.2d 348 (7th Cir. 1983) is

4

distinguishable from the instant case. In *Sauer-Getriebe*, White Hydraulics ("White") granted Sauer-Getriebe ("Sauer") the exclusive license to sell motors manufactured by White. *Id.* at 349. The contract contained an arbitration provision. *Id.* A contractual dispute developed between the parties, and Sauer sought preliminary and permanent injunctions in the district court, while the contractual rights of the parties were being determined in arbitration. *Id.* In reversing the district court's denial of the injunctions, the Court applied four factors justifying a preliminary injunction to the case. *Id.* at 351. The Court found that all the requirements for a preliminary injunction were met, and held that a grant of a preliminary injunction was proper, notwithstanding an agreement to arbitrate. *Id.* at 350.

Unlike the instant case, Sauer did not make attempts to delay or avoid adjudication of the dispute, nor did Sauer take inconsistent positions. *Id.* In this case, Tenneco has done both. When seeking equity, the plaintiff can not come into court with unclean hands. In this case, Tenneco's unreasonable delay and inconsistent positions do not merit the grant of a preliminary injunction.[1]

Furthermore, Tenneco is not without an adequate remedy. An arbitrator, under the AAA rules, may grant injunctive relief. The AAA Rule 36 of the Commercial Dispute Resolution Procedures provides in relevant part:

> (a) The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods.

---

[1] Because Tenneco can not establish the irreparable harm requirement for a preliminary injunction, it is not necessary to consider the remaining three factors needed for a preliminary injunction. Similarly, since the parties are now engaged in the arbitration process, *see* Def.'s Reply to Pl.'s Mem. in Opp'n Mot. Dismiss at 1, it is no longer necessary to address Hyrad's waiver argument.

5

The arbitrator is not bound by legal rules, and may grant any appropriate relief. Thus, Tenneco may seek injunctive relief from the arbitrator.

## Conclusion

Tenneco can not establish the requirement of irreparable harm in order to satisfy a grant of a preliminary injunction because of Tenneco's inconsistent representations to the different district courts, and because of its unreasonable delay in seeking relief. For the reasons stated above, Tenneco's request for a preliminary injunction is denied. Tenneco's complaint is dismissed without prejudice, with leave to reinstate after the arbitrator has issued his/her award.

SO ORDERED

ENTERED: July 19, 2002

HON. RONALD A. GUZMAN
United States Judge